1 | Raymond P. Boucher, State Bar No. 115364
    *ray@boucher.la*
2 | Hermez Moreno, State Bar No. 72009
    *moreno@boucher.la*
3 | Milin Chun, State Bar No. 262674
    *chun@boucher.la*
4 | Brian Bush, State Bar No. 294713
    *bush@boucher.la*
5 | **BOUCHER LLP**
    21600 Oxnard Street, Suite 600
6 | Woodland Hills, California 91367-4903
    Tel:   (818) 340-5400
7 | Fax:   (818) 340-5401

8 | Jason K. Feldman, State Bar No. 213386
    *jason@feldmanwallach.com*
9 | Ian Wallach, State Bar No. 237849
    *ian@feldmanwallach.com*
10 | **FELDMAN & WALLACH**
     225 Santa Monica Blvd., 11th Floor
11 | Santa Monica, California 90401
     Tel:   (310) 577-2201
12 | Fax:   (310) 564-2004

13 | *Attorneys for Plaintiffs*

14 | **UNITED STATES DISTRICT COURT**

15 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16 | ROBERT PICKETT, AN
     INDIVIDUAL; DARRYL LEWIS, AN
17 | INDIVIDUAL,

Case No. 2:15-cv-09354-PA (AGRx)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS BY DEFENDANTS MIKE BOLLIGER, NAVID KHANSARI, AND JOE LISARDI**

18 |        Plaintiffs,

19 |        v.

20 | MIKE BOLLIGER, AN INDIVIDUAL;
     NAVID KHANSARI, AN
21 | INDIVIDUAL; JOE LISARDI, AN
     INDIVIDUAL; MICHAEL HAN, AN
22 | INDIVIDUAL; JACK ARANDA, AN
     INDIVIDUAL; CITY OF
23 | INGLEWOOD, A PUBLIC ENTITY;
     AND DOES 1 THROUGH 10,
24 | INCLUSIVE,

Filed Concurrently with Declaration of Brian Bush and attached Exhibits; Declaration of Steven Seiden; Declaration of Robert Helfend; Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Conclusions of Law; and Plaintiffs' Separate Statement of Disputed Facts

25 |        Defendants.

26 | The Hon. Percy Anderson

27 | Trial Date: November 15, 2016

28 |

Case No. 2:15-cv-09354-PA (AGRx)

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................1

II. STATEMENT OF FACTS ..................................................................2

III. LEGAL STANDARD ........................................................................4

IV. ARGUMENT ....................................................................................5

    A.    A Genuine Dispute of Material Fact Exists As to Whether Defendants Falsely Arrested Plaintiffs ...........................................5

        1.    Plaintiffs' Claim as to False Arrest is Not Barred by Collateral Estoppel ...................................................................6

            a.    The Judge's Reliance Upon Evidence Unavailable to the Defendants When Making the Probable Cause Determination Eliminates Any Purported Collateral Estoppel Effect ...........................................6

            b.    Plaintiffs' Criminal Defense Counsel Did Not Challenge Probable Cause for Plaintiffs' Arrest During the Preliminary Hearing .......................8

            c.    The Judge's Decision to Hold Plaintiffs to Answer Was Made on the Basis of Fabricated Evidence Presented at the Preliminary Hearing Thereby Precluding Collateral Estoppel ........................10

        2.    There is a Genuine Dispute About the Facts Forming the Basis for Defendants' Probable Cause Determination ..............12

    B.    Summary Judgment is Not Warranted as to Malicious Prosecution Cause of Action As the Record Establishes a Genuine Dispute As to Whether the Defendants Maliciously Prosecuted the Plaintiff ....................................................................13

        1.    The Fabricated Evidence Rebuts the Purported Prima Facie Finding of Probable Cause ................................................14

        2.    The Evidence Indicates Defendants Continued Their Investigation of Plaintiffs Despite the Fact that They Knew of Plaintiffs' Innocence and Thus a Genuine Dispute as to Whether Defendants Falsified Evidence Under *Deveraux*, .................................................................16

        3.    The Presumption of Prosecutorial Independent is Overcome Where Defendants Knowingly Supplied False Information ..........................................................................17

V. CONCLUSION ................................................................................20

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)............................................................................... 4

*Awabdy v. City of Adelanto,*
368 F.3d 1062 (9th Cir. 2004).................................................. 10, 14, 15, 19

*Barlow v. Ground,*
943 F.2d 1132 (9th Cir. 1991)...............................................................18, 19

*Blankenhorn v. City of Orange,*
485 F. 3d 463 (9th Cir. 2007)...............................................................5, 17

*Borunda v. Richmond,*
885 F.2d 1384 (9th Cir. 1988)..............................................................17, 19

*Cabrera v. City of Huntington Park,*
159 F.3d 374 (9th Cir. 1998)................................................................. 5

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)...............................................................................4, 5

*Costanich v. Dep't of Soc. & Health Servs.,*
627 F.3d 1101 (9th Cir. 2010)................................................................ 17

*Devereaux v. Abbey,*
263 F.3d 1070 (9th Cir. 2001)................................................................ 16

*Freeman v. City of Santa Ana,*
68 F.3d 1180 (9th Cir. 1995)................................................................. 13

*Galbraith v. County of Santa Clara,*
307 F.3d 1119 (9th Cir. 2002)................................................................ 14

*Harper v. City of Los Angeles,*
533 F.3d 1010 (9th Cir. 2008)................................................................ 5

*Haupt v. Dillard,* 17 F.3d 285 (9th Cir. 1994)........................................6, 12

*Heck v. Humphrey,*
512 U.S. 477 (1994)............................................................................. 13

*John v. City of El Monte,*
505 F.3d 907 (9th Cir. 2007).................................................................. 5

*Meza v. City of Los Angeles,*
No. CV 08-02237DDP (JTLX), 2009 WL 1476985 (C.D. Cal. May 26,
2009) ............................................................................................... 8

ii

*Moreno v. Baca*,
No. CV 00-7149 ABC (CWX), 2002 WL 338366, (C.D. Cal. Feb. 25, 2002) .................................................................................................... 9

*Smiddy v. Varney*,
665 F.2d 261 (9th Cir. 1981) ...................................................... 14, 17

*Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986) ................................ 1, 14

*Smith v. City of Oakland*,
538 F.Supp.2d 1217 (N.D. Cal. 2008) ...................................... 18, 19

United States v. Lopez,
482 F.3d 1067 (9th Cir. 2007) .......................................................... 5

*Viliarimo v. Aloha Island Air, Inc.*,
281 F.3d 1054 (9th Cir. 2002) .......................................................... 5

*Warren v. Marcus*,
78 F.Supp.3d 1228 (N.D. Cal. 2015) ............................................... 5

*Wige v. City of Los Angeles*,
713 F.3d 1183 (9th Cir. 2013) .................................................. 10, 11


**STATE CASES**

*McCutchen v. City of Montclair*,
73 Cal.App.4th 1138 (Ct. App. 1999) ..................................... 6, 7, 8


**FEDERAL STATUTES**

42 U.S.C. § 1983 .................................................................. 5, 13, 15, 16


**OTHER AUTHORITIES**

Ninth Circuit Manual of Model Civil Jury Instructions § 9.29 ............... 16


**RULES**

Fed. R. Civ. Pro. 56(c) ............................................................................ 4

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

Case No. 2:15-cv-09354-PA (AGRx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This case arises out of the May 24, 2011, unlawful shooting, arrest and malicious prosecution of Plaintiffs Robert Pickett and Darryl Lewis by Defendants Michael Bolliger, Navid Khansari and Joseph Lisardi. Defendants now move for partial summary judgment and/or adjudication of Plaintiffs' false arrest and malicious prosecution claims. However, genuine issues of material fact exist as to every issue before this Court, and as such, summary judgment and/or an adjudication of the claims is simply not warranted and must be denied in all respects.

Defendants' arguments fail for several reasons. First, the criminal court's finding of probable cause at the preliminary hearing in the underlying prosecution of Plaintiffs has no preclusive effect. Evidence was presented at the preliminary hearing that was not available to Defendants when they arrested Plaintiffs on the night in question. Additionally, Plaintiffs' criminal defense attorneys, for strategic reasons, did not challenge probable cause at the preliminary hearing. Finally, false and fabricated evidence was presented at the preliminary hearing. Each of these factors eliminates the preclusive effect of the criminal court's finding of probable cause. Furthermore, the plain facts of this case raise a triable issue on the question of probable cause to arrest.

Second, there are material triable issues of fact showing that Defendants purposefully manipulated the evidence at the scene of the crime, turned a blind eye to material exculpatory evidence and proffered false eyewitness identification evidence in an effort to secure a criminal prosecution of Plaintiffs. The presentation by Defendants of false and fabricated evidence to the District Attorney's office in order to secure the filing of criminal charges rebuts the presumption of prosecutorial independence under *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986) (*Smiddy II*), exposing Defendants to civil liability for malicious prosecution. Consequently, Defendants' motion should be denied.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

## II.
## STATEMENT OF FACTS

At approximately forty-five minutes past midnight on May 24, 2011, Defendant Mike Bolliger, a sergeant with the Inglewood Police Department ("IPD"), responded to an anonymous call of a burglary in process at 600 Venice Way, Unit One in the City of Inglewood. While *en route*, the call was upgraded to a home invasion robbery. Separate Statement of Undisputed Facts ("SSDF") ¶ 4. The only information Defendant Bolliger received regarding the possible suspects was that they were two black males, armed with handguns. SSDF ¶ 5.

Plaintiff Robert Pickett lived in an apartment next door at 604 Venice Way. Separate Statement of Material Disputes ("SSMD") ¶ 45. Shortly before Defendant Bolliger's arrival, he and co-Plaintiff Darryl Lewis had arrived at the apartment complex after spending the evening with a local friend. SSMD ¶ 46. Plaintiff Lewis was driving Pickett home. *Id.* Pickett had received a call from a family member that his cousin – who was staying at 600 Venice Way, apartment one – was being robbed. SSMD ¶ 47. Pickett and Lewis entered the metal security gate of the complex at 600 Venice Way. Lewis remained in the fenced in area smoking a cigarette while Pickett went to apartment one to check on his cousin. SSMD ¶ 48. Pickett's trip to apartment one was brief, and within seconds he came back to the gate in fear that something was wrong. SSMD ¶ 49.

Defendant Bolliger arrived. He approached the gate at 600 Venice Way; his approach concealed from Plaintiffs by the poor lighting in front of the apartment complex outside the gate. SSMD ¶ 44. At that moment, Bolliger saw the two Plaintiffs. He did not see handguns or items of property in Plaintiffs' hands – indeed, all Bolliger saw were two black men through the metal mesh of the gate. (Bolliger Depo. Tr. (Exhibit A)[1] at 82:10-24; 83:2-8; 89:15-25; 90:1-3; 102:23-25, 103:10; 103:24-25,

_____

[1] Consistent with the Court's Standing Order, those material disputes cast directly

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

104:1-7). Without issuing any warning whatsoever Bolliger opened fire upon Plaintiffs Pickett and Lewis with three blasts from his shotgun. (Pickett Depo. Tr. (Exhibit C) at 134:16-17; 135:24-25; 136:1-3; Lewis Depo. Tr. (Exhibit B) at 95:8-18; Trial Tr. testimony of Tiffany Wallace (Exhibit D) 122:7-14; Trial Tr. testimony of Samantha Howze (Exhibit Q) at 84:19, 84:24-28, 85:19-21; 119:11-16; 130:11-14). The shooting caught Plaintiffs by complete surprise. They never saw Bolliger approaching. SSMD ¶ 20.

As Plaintiffs laid on the ground bleeding out and pleading for help, Defendant Bolliger told them he "did not care" that he had shot them. SSMD ¶ 43.

Defendants Lisardi and Khansari arrived shortly after the shooting. At approximately 12:56 a.m., they handcuffed Plaintiffs, placing them under formal arrest. SSMD ¶ 34. Additionally, they assisted Defendant Bolliger in manipulating evidence at the scene. SSMD ¶¶ 29-30. Simultaneously, residents of the apartments at 600 Venice Way began looking outside. None of them saw guns or items of property anywhere on the walkway where Plaintiffs lay bleeding. Trial Tr. testimony of Tiffany Wallace (Exhibit D) at 222:2-14; Trial Tr. testimony of Samantha Howze (Exhibit Q) at 84:19, 84:24-28, 85:19-21; 119:11-16; 130:11-14. No photographs were taken showing any handguns at the scene, and the only photographs depicting the reported stolen property at the scene were taken after the items had been neatly stacked on an adjacent walkway. SSMD ¶¶ 25, 28. The only photographs apparently taken near the time of the shooting were of the Plaintiffs laying unclothed, bleeding on the ground, not a gun or a single item of stolen property depicted in the frames. SSMD ¶¶ 26-27.

The guns and stolen items "recovered" by Defendants Khansari, Lisardi and Bolliger at the scene were DNA swabbed and forensically tested for fingerprints. SSMD ¶ 22. There was no blood, DNA or latent fingerprint evidence on the items

against a "Statement of Undisputed Fact" are indicated by full citation. Exhibit annotations herein shall refer to the exhibits filed by Plaintiffs, concurrently with this Opposition.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

connecting them to the Plaintiffs. SSMD ¶¶ 23-24, 31, 33. Moreover, the physical description of the guns – which were black – did not match the physical description of the guns given by the victims of the robbery who described the guns as entirely silver or silver-barreled. SSMD ¶ 21.

Defendants pressed on with their investigation and prosecution. They secured questionable photo six-pack eyewitness identifications of Robert Pickett from several occupants of Unit One, despite the fact that each of them told police they could not see the faces of the robbery suspects because they were wearing bandanas coving the lower half of their faces[2]. SSMD ¶ 37. Lewis was never identified by these victims prior to the preliminary hearing. SSMD ¶ 40. Each of the victims' photo six-pack identification of Robert Pickett proved false in court at the preliminary hearing. SSMD ¶ 39.

Despite the paucity of their evidence, Defendants drafted reports crafting the narrative that Plaintiffs were armed, that stolen items and their guns were found strewn about their bodies on the ground at the scene, and affirming that Defendants had reliable eyewitness identification evidence against the Plaintiffs. The felony complaint was filed on May 26, 2011. SSMD ¶ 50. Plaintiffs were acquitted of all charges by a jury on December 6, 2013. SSMD ¶ 51.

### III.
### LEGAL STANDARD

Summary judgment is warranted only when no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In considering a motion for summary judgment, any ambiguities in the facts and reasonable disputes must be resolved in favor of the nonmoving party. *See Viliarimo v.*

---

[2] Plaintiffs were not wearing bandanas. No bandanas were recovered in Plaintiffs' possession that night, nor were any recovered at the scene. SSMD ¶ 38.

4

Case No. 2:15-cv-09354-PA (AGRx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

*Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Indeed, "[i]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Blankenhorn v. City of Orange*, 485 F. 3d 463, 470 (9th Cir. 2007).

# IV.
## ARGUMENT

Plaintiffs have made a showing sufficient to establish that genuine issues of fact exist with respect to each cause of action and with respect to each issue raised by Defendants. *See Celotex*, 477 U.S. at 322. Viewed in the light most favorable to Plaintiffs, the record contains numerous genuine factual disputes from which a reasonable juror could conclude that Defendants falsely arrested Plaintiffs. A jury could also reasonably conclude that Defendants fabricated and concealed evidence to ensure that the District Attorney pursued the case against Plaintiffs. Accordingly, Defendants' motion must be denied in its entirety.

### A.   A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER DEFENDANTS FALSELY ARRESTED PLAINTIFFS

To prevail on a § 1983 claim for false arrest, a plaintiff must demonstrate that there was no probable cause for the arrest. *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). "Probable cause is an objective standard and the officer's subjective intent in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes." *John v. City of El Monte,* 505 F.3d 907, 911 (9th Cir. 2007) (citing *United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007)). Probable cause must be determined at the time of the arrest. *See Warren v. Marcus*, 78 F.Supp.3d 1228, 1242 (N.D. Cal. 2015). "It is essential to avoid hindsight analysis, i.e., to consider additional facts that became known only after the arrest was made." *John*, 505 F.3d at 911. "Where the facts or circumstances surrounding an individual's arrest are disputed, the existence of probable cause is a question for the jury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008).

///

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

5

Case No. 2:15-cv-09354-PA (AGRx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1.     **<u>Plaintiffs' Claim as to False Arrest is Not Barred by Collateral Estoppel</u>**

There are three factual circumstances that would limit or eliminate *collateral estoppel* effects of a prior criminal preliminary hearing: (1) where there were facts presented to the judicial officer presiding over the preliminary hearing which were *additional* to (or different from) those available to the officers at the time they made an arrest; (2) where tactical considerations prevented a litigant/prior criminal defendant from vigorously pursuing the issue of probable cause during the prior criminal prosecution/preliminary hearing; or (3) where a plaintiff alleges that the arresting officer lied or fabricated evidence presented at the preliminary hearing. *See Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994); *McCutchen v. City of Montclair*, 73 Cal.App.4th 1138, 1147 (Ct. App. 1999).

The finding of probable cause at the preliminary hearing should not have collateral estoppel effect because all three of the recognized exceptions apply in this case.

a.     *The Judge's Reliance Upon Evidence Unavailable to the Defendants When Making the Probable Cause Determination Eliminates Any Purported Collateral Estoppel Effect*

Under the standards elucidated by both the California courts and the Ninth Circuit, Plaintiffs are not estopped from challenging the propriety of their arrest where "additional evidence of a defendant's guilt" is presented at the hearing that was not present when the original arrest was made. *Haupt*, 17 F.3d at 289; *see also McCutchen*, 73 Cal.App.4th at 1146. In *McCutchen*, at issue was whether the plaintiff's civil suit was collaterally estopped by a magistrate's ruling in his criminal prosecution that there was probable cause to hold him over for trial. The court recognized the possibility that "a ruling on sufficiency of the evidence at a preliminary hearing" may not "meet the identity of the issues requirement", and "a showing that evidence not available to the arresting officer was presented at the preliminary hearing" would defeat collateral estoppel. *Id.* at 1146. During cross-examination, the complaining witness testified that

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

she identified plaintiff in a photo lineup and twice in a live lineup conducted at the jail. The court stated that though the witness did not testify as to the date, it was "reasonable to infer that these lineups were conducted after plaintiff was arrested." *Id*. at 1148. Thus, because "the evidence presented at the preliminary hearing was not the same as the evidence available" at the time of arrest, the court found that collateral estoppel did not bar relitigation of probable cause. *Id*.

According to Defendants, at the time of the arrest, they knew that two male black subjects, armed with guns, wearing hooded sweatshirts were involved in a home invasion robbery. *See* Def. Mot. at 13. They also purportedly saw two semi-automatic handguns and several credit cards, wallets, ID cards, cellular phones, and a black Mac laptop on the walkway. *See id*. They had no other information.[3]

During the preliminary hearing on December 7, 2011, three occupants of 600 Venice Way, Unit One – David Silver, Wendy Bowers, and Nequay Britt – testified about the items the two suspects took from their person and the very same items that were either shown to them or subsequently returned to them. SSMD ¶¶ 35-36. These witnesses also testified that they subsequently – during their interviews with the detectives at the station – identified Plaintiff Pickett through a six-pack photographic lineup, which took place *after* Plaintiffs' arrest.[4]   *Id*. In addition to these three witnesses, Detective Gabriel DeLaTorre further buttressed Ms. Bowers'[5] and Messrs.

---

[3] Defendants do not address the absence of probable cause for Plaintiffs' arrest for the attempted murder of Bolliger. Perhaps because Defendant Bolliger admitted that both Plaintiffs were facing north – at the gate – and not at him as he was east of the gate, and he did not see a gun before firing his shotgun. *See* SSMD ¶ 19, 20. This matter was not addressed at the preliminary hearing as the prosecution chose not to pursue it.

[4] Notably, at the preliminary hearing, Ms. Bowers identified Plaintiff Lewis as the same individual she had previously identified (as Plaintiff Picket). SSMD ¶¶ 39-40.

[5] DeLaTorre interviewed Ms. Bowers at approximately 6:30 a.m. on May 24, 2011. *See* Prelim Tr. (Exhibit F) at 89:6-9.

Silver's[6] and Britt's[7] testimony by testifying as to their six-pack identification of Plaintiff Pickett. *See* Prelim Tr. at 87:3-25; 89:6-24; 90:5-22; 91:3-19.

None of this information, however, was available to Defendants at the time they arrested Plaintiffs. Knowledge of the items purportedly stolen during the robbery, knowledge that the items allegedly recovered from the ground belonged to occupants of Unit One, and the identification of one of the Plaintiffs was discovered *after* Plaintiffs had already been shot and arrested. Accordingly, because there is not an identity of issues, collateral estoppel must not apply.[8]  *See Meza v. City of Los Angeles*, No. CV 08-02237DDP (JTLX), 2009 WL 1476985, at *4 (C.D. Cal. May 26, 2009) (stating that "the test is not dependent on whether the court *relied* on new evidence, but merely whether there is a showing that evidence not available to the arresting officer was presented at the preliminary hearing" (emphasis in original) (internal quotations and citations omitted)).

   b.   *Plaintiffs' Criminal Defense Counsel Did Not Challenge Probable Cause for Plaintiffs' Arrest During the Preliminary Hearing*

In order to invoke the "litigation strategy exception" to the collateral estoppel doctrine, Plaintiffs have the burden of showing that the issue of probable cause was not litigated at the preliminary hearing for tactical reasons. *See McCutchen,* 73 Cal.App. 4th at 1147.

In *Moreno v. Baca*, No. CV 00-7149 ABC (CWX), 2002 WL 338366, (C.D. Cal.

---

[6] DeLaTorre interviewed Mr. Silver at approximately 12:58 p.m. on May 24, 2011. *See* Prelim Tr. (Exhibit F) at 87:3-6.

[7] DeLaTorre interviewed Mr. Britt at approximately 12:55 p.m. on May 24, 2011. *See* Prelim Tr. (Exhibit F) at 91:3-6.

[8] Collateral estoppel is an affirmative defense that ordinarily is waived if not specially pleaded. *See* Fed. R. Civ. Pro. 8(c). By failing to raise this affirmative defense in its answers, it is arguable that the Defendants waived this defense. *See* Dkt. No. 15. There is no valid reason for the Defendants' failure to raise this affirmative defense in their answers as the possibility of collateral estoppel was apparent from the beginning.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

8

Case No. 2:15-cv-09354-PA (AGRx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  Feb. 25, 2002), *aff'd and remanded,* 431 F.3d 633 (9th Cir. 2005), defendants argued

2  that Moreno was collaterally estoppel from relitigating the issue of probable cause for

3  his arrest because that issue was already determined at the preliminary hearing and

4  none of the exceptions applied. *See id.* at *7. The Ninth Circuit held that Moreno was

5  not collaterally estopped because he had presented sufficient evidence that the litigation

6  strategy exception applied. Specifically, Moreno had submitted a sworn declaration

7  from his criminal defense counsel that he did not fully litigate the issues of probable

8  cause for tactical reasons. *Id.* The court also found that mere cross-examination of a

9  witness was not sufficient where "Moreno's counsel did not present any evidence

10 negating the existence of probable cause". *Id.* at *8. Moreno's counsel's motion for

11 dismissal based on insufficiency of evidence was also found to be insufficient to

12 amount to a challenge as to the existence of probable cause for the arrest because the

13 record did not state the reasoning underlying the motion to dismiss. *Id.*

14      Here, Plaintiffs have made a sufficient showing that the issue of probable cause

15 was not litigated at the preliminary hearing. Both counsel have submitted declarations

16 stating that they did not fully litigate the issues of probable cause for tactical reasons.

17 *See* Declarations of Steven Seiden and Robert Helfend ("Seiden Decl." and "Helfend

18 Decl."). Further buttressing the unambiguous declarations of Plaintiffs' criminal

19 defense counsel, the preliminary hearing transcript makes clear that at no time did

20 criminal defense counsel for Plaintiffs challenge the probable cause finding for

21 Plaintiffs' arrest. *See* SSMD ¶¶ 41, 42. Additionally, unlike *Moreno*, where the court

22 could only find that it was speculative that the motion for dismissal based on

23 insufficiency of the evidence amounted to a challenge as to probable cause for the

24 arrest, *see Moreno*, 2002 WL 338366, at *8, here, Plaintiffs' criminal defense counsel

25 unequivocally declare that the motion was not on probable cause grounds. *Id.*; *also see*

26 Seiden Decl. at ¶ 5; Helfend Decl. at ¶ 4.

27      Though not addressed fully in their motion, Defendants seemingly concede that

28 "there is no indication that Plaintiffs challenged their arrest at [the] Preliminary

9

Case No. 2:15-cv-09354-PA (AGRx)

Hearing." Def. Mot. at 11 n.4. Accordingly, where tactical considerations prevented a litigant/prior criminal defendant from vigorously pursuing the issue of probable cause during the prior criminal prosecution/preliminary hearing, there should be no preclusive effect of the prior probable cause finding.

        c.    *The Judge's Decision to Hold Plaintiffs to Answer Was Made on the Basis of Fabricated Evidence Presented at the Preliminary Hearing Thereby Precluding Collateral Estoppel*

Issue preclusion should be denied "where the plaintiff alleges that the arresting officer lied or fabricated evidence presented at the preliminary hearing." *McCutchen,* 73 Cal.App. 4th at 1147; *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). In fact, "[w]hen the officer *misrepresents the nature of the evidence* supporting probable cause *and that issue is not raised at the preliminary hearing*, a finding of probable cause at the preliminary hearing would not preclude relitigation of the issue of integrity of the evidence." *McCutchen,* 73 Cal.App. 4th at 1147 (emphasis added).

Defendants' reliance on the Ninth Circuit's analysis in *Wige v. City of Los Angeles*, 713 F.3d 1183 (9th Cir. 2013), to suggest an insufficient basis for Plaintiffs' allegation of fabrication is, at best, curious. Seemingly ignoring the record – apart from the preliminary hearing, Defendants argue that consistent testimony from the victims and officers somehow dispels Plaintiffs' allegations of fabrication. The entirety of the record, however, suggests otherwise. Here, as in *Wige*, Plaintiffs rely not on "mere speculation" that Defendants fabricated evidence, but actual testimony from the only neutral witness present during the incident. During the criminal trial, Tiffany Wallace testified as to her observations on March 24, 2011. Ms. Wallace testified that she "did not" see any guns near Plaintiffs nor did she "remember seeing any wallets or anything." *See* Trial Tr. testimony of Tiffany Wallace (Exhibit D) at 222:2-14. Moreover, both Plaintiffs have unequivocally stated that they did not possess any guns or the items recovered by Defendants. *See* Pickett Depo Tr. (Exhibit C) at 162:21-24;

163:3-11; Lewis Depo. Tr. (Exhibit B) at 92:19-25; 93:1-12; 130:14-25; 131:1-4.

In addition to actual testimony, there is further evidentiary support in the record supporting Plaintiffs' allegations that Defendants presented fabricated evidence at the preliminary hearing. Despite the fact that both Ms. Bowers and Mr. Britt testified that the guns they observed were either entirely or partially silver (*See* SSMD ¶ 21), Defendants "recovered" two guns that were entirely black and did not match the description provided by the occupants of Unit One. *Id*. Despite the fact that neither Plaintiffs were wearing gloves and they bled profusely after being shot, no DNA, fingerprints, or blood were found on the guns that Plaintiffs were purportedly holding throughout the entire incident. In an effort to explain why they went against protocol and moved critical pieces of evidence that would support their version of events, Defendant Bolliger testified that Defendant Lisardi moved most of the property and items so that fire personnel would not step on them. SSMD ¶ 30. Defendant Lisardi, however, disputes Bolliger's account and has testified that he did not, at any time, move any of the items on the ground. *Id*. The full record cannot be ignored.

Moreover, omitted from Defendants' summary of *Wige*, is the Ninth Circuit's critical finding that "state court never purported to find either that Officer Bellows's testimony was credible or that Torres's testimony was not" or "decide whether Officer Bellows *should* be believed." *Wige*, 713 F.3d at 1187 (emphasis in original). It only determined that a "reasonable person *could have* believed Officer Bellows." *Id*. (emphasis in original). The court held that because "[t]hat is the issue Wige seeks to litigate in this action, … he is not barred by the doctrine of issue preclusion from doing so." *Id*. Similarly, here, whether Defendants presented fabricated evidence in support of probable cause is still at issue. The preliminary hearing judge never had an opportunity to determine whether Defendants' testimony should be believed as the People did not call Ms. Wallace to testify or present any evidence that somehow contradicted their version of events. Accordingly, because Plaintiffs have sufficiently alleged that the Defendants lied or fabricated evidence presented at the preliminary hearing, collateral

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1   estoppel should not apply. *See Haupt*, 17 F.3d at 290 n.5.

2          **2.    There is a Genuine Dispute About the Facts Forming the Basis for Defendants' Probable Cause Determination**

3          Genuine disputes as to issues of material fact preclude the grant of summary

4   judgment in Defendants' favor on the basis of probable cause. Plaintiffs' account of the

5   events leading up to the arrest and the circumstances of the arrest as well as evidence in

6   the record suggest a significant different account than that set forth by Defendants.

7          Ignoring all evidence to the contrary, Defendants rely solely on their version of

8   facts to argue that they had probable cause to arrest Plaintiffs. Defendants argue that

9   they had probable cause to arrest Plaintiffs because (1) of the information provided to

10  them in route; (2) the nature of Bolliger's encounter with Plaintiffs; and (3) the items

11  observed on the ground near the location where the suspects ceased movement. *See*

12  Def. Mot. at 13. Almost all of these facts are in dispute.

13         Though Defendant Bolliger alleges that he announced his presence and received

14  no response, both Plaintiffs Pickett and Lewis testified that he did not hear anyone say

15  "police" or "halt". *See* Pickett Depo Tr. (Exhibit C) at 134:16-17; 135:24-25; 136:1-3;

16  Lewis Depo Tr. (Exhibit B) at 95:8-18. Directly contradicting Bolliger's account,

17  Plaintiffs testified that all they recall is opening the gate and getting shot. *See* Pickett

18  Depo Tr. (Exhibit C) at 134:18-25; 136:4-6; Lewis Depo Tr. (Exhibit B) at 95:16-20.

19  Defendants also maintain that they observed two guns and items on the ground near

20  where Plaintiffs lay prone after being shot. Plaintiffs, however, dispute this account.

21  Plaintiffs did not possess any guns, let alone the two guns Defendants recovered on

22  May 24, 2011. SSMD ¶ 19. Aside from items taken from his own pocket, Plaintiff

23  Pickett did not possess any items Defendants recovered that evening. *See* Pickett Depo

24  Tr. at 161:9-25; 162:4-5, 10-11. Plaintiff Lewis also never possessed nor had seen any

25  of the items purportedly recovered by Defendants. *See* Lewis Depo Tr. at 131:18-22.

26  Further disputing Defendants' version of events, Tiffany Wallace, a neutral eyewitness,

27  testified that she "did not" see any guns near Plaintiffs nor did she "remember seeing

28

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

12

Case No. 2:15-cv-09354-PA (AGRx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

any wallets or anything." Trial Tr. testimony of Tiffany Wallace (Exhibit D) at 222:2-14; *see also* Trial Tr. testimony of Samantha Howze (Exhibit Q) at 130:11-14 (Q: "When you come out of your apartment after being told to do so, what do you see on the ground in the area around your apartment?" – A: "I didn't see anything on the ground.")

What remains undisputed is that Defendant Bolliger was informed that "two male black subjects armed with guns" were involved in a home invasion robbery. Defendant Bolliger, however, has admitted he did not see a gun before opening fire. *See* SSMD ¶ 19. Thus, at the time Bolliger opened fire on Plaintiffs, he knew two black men were involved in the crime, and he happened to see two black men. That single fact is not probable cause to shoot and arrest Plaintiffs.

Taking Plaintiffs' account as true and drawing all inferences in their favor, as the Court must do in determining whether summary judgment is warranted, a rational finder of fact could determine that Defendants lacked probable cause to arrest Plaintiffs. Accordingly, where a genuine dispute exists sufficient to warrant a jury trial on these issues, summary judgment must be denied.

**B.    SUMMARY JUDGMENT IS NOT WARRANTED AS TO MALICIOUS PROSECUTION CAUSE OF ACTION AS THE RECORD ESTABLISHES A GENUINE DISPUTE AS TO WHETHER THE DEFENDANTS MALICIOUSLY PROSECUTED THE PLAINTIFF**

In order to prevail on a section 1983 claim of malicious prosecution in California, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995). An individual seeking to bring a malicious prosecution claim must also generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. *See Heck v. Humphrey,* 512 U.S. 477, 84-85 (1994). A malicious prosecution suit may be alleged with equal force against a police officer whose conduct wrongfully caused the charges to be brought. *See Awabdy*, 368

F.3d at 1066. A police officer will be deemed to have procured a malicious criminal prosecution if he submits materially false police reports upon which prosecutorial authorities rely in deciding to file criminal charges against the Section 1983 plaintiff. *See Smiddy II*, 803 F.2d at 1471 (citing *Smiddy I*, 665 F.2d at 266-67).

Construing the facts in the light most favorable to Plaintiffs, the malicious prosecution claim must go to the jury. Plaintiffs have demonstrated, at a minimum, a genuine issue of material fact as to whether Defendants acted with malice towards Plaintiffs.[9] As set forth in detail above, Defendants deliberately fabricated evidence to implicate Plaintiffs while knowing they did not have sufficient probable cause to arrest him. *See Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126-27 (9th Cir. 2002) (holding that allegations that a coroner recklessly or intentionally falsified an autopsy report that played a material role in the false arrest and prosecution of an individual can support a malicious prosecution claim under section 1983). Defendants deliberately submitted false reports with the intent and knowledge that the prosecutors would rely on these very same reports to determine whether to prosecute Plaintiffs. For the purposes of this motion, Plaintiffs' allegations clearly show that Defendants' conduct was "instrumental in causing the filing and prosecution of the criminal proceedings" thereby rebutting the presumption of prosecutorial independence. *Awabdy,* 368 F.3d at 1068. Accordingly, Defendants' motion for summary judgment must be denied.

### 1. The Fabricated Evidence Rebuts the Purported Prima Facie Finding of Probable Cause

A determination of probable cause at the preliminary hearing constitutes *prima facie* but not *conclusive* evidence of probable cause. *See Awabdy*, 368 F.3d at 1067. A plaintiff can rebut a *prima facie* finding of probable cause by showing that the criminal prosecution was induced by fraud, corruption, **perjury, fabricated evidence, or other**

---

[9] Malice may be inferred from a lack of probable cause. *Hampton-Stein v. Aviation Finance Group, LLC,* 472 Fed.Appx. 455, 457 (9th Cir. 2012) (stating that "[a] lack of probable cause can support an inference of malice, but it is insufficient by itself").

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

**wrongful conduct undertaken in bad faith**." *Id*. (emphasis added). The criminal court's decision to hold Plaintiff after the preliminary hearing will not bar a section 1983 claim if Plaintiff can prove that the criminal proceedings were initiated on the basis of the Defendants' knowingly false accusations and malicious conduct. *Id*.

The record is replete with numerous instances Defendants knowingly fabricated evidence to implicate Plaintiffs for the robbery of Unit One. Contrary to assertions by Defendants, they showed up to a scene with no guns and no evidence of the spoils of a robbery. To justify the shooting of two innocent, unarmed men, Defendants effected the filing of charges and prosecution of Plaintiffs by manipulating and fabricating the scene and omitting relevant information from police reports that would illustrate Plaintiffs' innocence thereby causing prosecutors to elect not to move forward with the charges. There is circumstantial evidence that the eyewitness identifications by the occupants of Unit One were false and manufactured by Defendants. Despite the purported identification of Plaintiff Pickett by Bowers, Silver and Britt, those particular, vital portions were either "lost" or conveniently not recorded. These very same witnesses were either unable to identify Plaintiff Pickett at the preliminary hearing or identified the wrong individual. *See e.g.* SSMD ¶¶ 39, 40.

Additionally, there is abundant circumstantial evidence that the "recovery" of the two handguns was fabricated. Despite the absence of any gloves, there was no DNA, blood or fingerprint evidence linking Plaintiffs to the two handguns Defendants recovered. SSMD ¶¶ 22-24, 32. Independent eyewitness also did not see any guns between the bodies of Plaintiffs. *See e.g.* Trial Tr. testimony of Tiffany Wallace (Exhibit D) at 222:2-14. Most importantly, however, the two handguns recovered by Defendants simply do not match the descriptions provided by the occupants of Unit One. SSMD ¶ 21. Notably, despite all witnesses having told Defendants that the guns the suspects used were either entirely silver or silver-barreled, this very fact was omitted from any of the police reports prior to May 26, 2016, the date information was given to the prosecutor and charges were filed. *See* SSMD ¶ 21. Defendants' omission

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

15

of the victims' description of the guns was absolutely material to the charges. Finally, Defendants' account that they arrived to see identification cards, wallets, phones, and a laptop has been contradicted by an independent witness – s*ee* Trial Tr. testimony of Tiffany Wallace (Exhibit D) at 222:2-14 – and by a victim of the robbery of 600 Venice Way, apartment one: *see* Trial Tr. testimony of Samantha Howze (Exhibit Q) at 130:11-14.

Accordingly, where Plaintiffs' facts are believed – as they must under the summary judgment standard – and they are able to prove the allegations in their complaint that the criminal proceedings were initiated on the basis of the Defendants' intentional and knowingly false accusations and other malicious conduct, the preliminary hearing finding of probable cause should not preclude them from maintaining their § 1983 malicious prosecution claim.

### 2.    The Evidence Indicates Defendants Continued Their Investigation of Plaintiffs Despite the Fact that They Knew of Plaintiffs' Innocence and Thus a Genuine Dispute as to Whether Defendants Falsified Evidence Under *Deveraux*,

The Fourteenth Amendment protects a plaintiff from being subjected to criminal charges on the basis of deliberately fabricated evidence. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.29; *see also Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) (recognizing the "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government")  Under *Devereaux*, a false evidence claim is proven when "(1) Defendants continued their investigation of [plaintiff] **despite the fact that they knew or should have known that he was innocent**; or (2) Defendants used investigative techniques **that were so coercive and abusive** that they knew or **should have known that those techniques would yield false information**." *Id*. at 1076 (emphasis added). Here, a genuine dispute exists that Defendants are liable on either theory established in the two-part *Deveraux* test.

Defendants' requirement of "concrete evidence" is simply unsubstantiated in the

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

law. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (criticizing district court for reading *Devereaux* "too narrowly" where plaintiff had set forth *circumstantial evidence* reflecting that investigator had deliberately misquoted and misrepresented witness statement). The Ninth Circuit has stated that "[t]he *Devereaux* test envisions an investigator whose unlawful motivation is illustrated by her state of mind regarding the alleged perpetrator's innocence, or one who surreptitiously fabricates evidence by using coercive investigative methods. These are *circumstantial methods* of proving deliberate falsification." *Id.* (emphasis added).

For similar reasons set forth above, *see supra* at B1.1, Plaintiffs have sufficiently demonstrated that Defendants deliberately fabricated evidence in an effort to effectuate the prosecution of Plaintiffs for the armed robbery of Unit One. Therefore, where Plaintiffs have provided sufficient evidence of fabrication thereby generating, at the very least, genuine issues of material fact on the question of deliberate fabrication under *Devereaux*, summary judgment must be precluded.

### 3.   The Presumption of Prosecutorial Independent is Overcome Where Defendants Knowingly Supplied False Information

Though the Ninth Circuit has recognized that filing a criminal complaint immunizes investigating officers from damages suffered thereafter, where police officers present the prosecutor with "information known by them to be false", the presumption of independent judgment by the prosecuting attorney is rebutted. *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981) (*Smiddy I*).

The Ninth Circuit has elucidated the types of evidence that will suffice to overcome the presumption. For example, in *Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988), the Ninth Circuit found that the plaintiff had rebutted the presumption of independent judgment where the defendant officers "procured the filing of the criminal complaint by making misrepresentations to the prosecuting attorney." *Id.* at 1390; *see also Blankenhorn v. City of Orange*, 485 F.3d at 483-84 (finding summary judgment improper where evidence demonstrated that prosecutor had not viewed a key videotape

prior to filing charges and other evidence demonstrated that the officers' reports were false and misleading); *Barlow v. Ground*, 943 F.2d 1132, 1136-37 (9th Cir. 1991) (finding civil rights plaintiff overcame the *Smiddy* presumption the prosecutor relied solely on the arresting officers' reports, which omitted critical information, an independent witness corroborated at least part of plaintiff's version of events, and the officers' accounts varied).

A plaintiff may prove through circumstantial evidence that a prosecutor did not exercise his or her independent judgment (i.e., rebutting the presumption does not require direct proof that the prosecutor relied, or did not rely, on fabricated evidence). *See Smith v. City of Oakland*, 538 F.Supp.2d 1217, 1239 (N.D. Cal. 2008); *Awabdy*, *supra*, 368 F.3d at 1067. In *Smith*, the plaintiffs brought a malicious prosecution against the defendant police officers alleging they planted a gun that led to plaintiffs' criminal prosecution. 538 F.Supp.2d at 1221-23. The plaintiffs did not offer any evidence at trial from any prosecutor regarding what the prosecutor relied on when filing charges. *Id.* at 1239. Defendants contended, therefore, that there was insufficient evidence to support the jury's verdict that they were liable for malicious prosecution. *Id.* at 1237-39. The *Smith* court **rejected the defendants' arguments**, stating:

> [Plaintiffs] contend there was **circumstantial evidence from which a jury could infer that the district attorney decided to prosecute based on the false evidence** of the gun procured by Defendants. Plaintiffs note, for example, that the district attorney had Defendants testify at the preliminary hearings for the criminal charges asserted against Mr. Smith, a fact which further confirms the district attorney's reliance on the officers' evidence.
>
> While Defendants claim that that direct evidence is necessary and that circumstantial evidence is never sufficient to establish the chain of causation required under *Smiddy I*, they present no authority supporting that contention. Simply because, in other cases (e.g., *Blankenhorn*, 485 F.3d at 483) there was direct evidence as to the basis of the prosecutor's decision, that does not mean that circumstantial evidence of the prosecutor's reliance of false evidence can never be adequate. No case has so held.

*Smith*, 538 F.Supp.2d at 1239 (emphasis added). In its analysis of the issue, the *Smith*

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

court found that circumstantial evidence, including the fact that the prosecutor called the defendant officers to the stand at the preliminary hearing, supported the jury's verdict. *Id.* Moreover, the court noted that the Defendants' wrongful conduct need only be "***actively instrumental*** in causing the ***initiation*** of the legal proceedings." *Id.* at 1240 (quoting *Awabdy,* 368 F.3d at 1067 (emphasis added)).

Plaintiffs have clearly overcome the presumption of prosecutorial independence. Here, the felony complaint was filed on May 26, 2011. Filing charges only two days after Plaintiffs were shot and arrested, the prosecutor relied solely on the arresting officers' reports, which contained fabricated evidence and omitted key evidence suggesting Plaintiffs' innocence. *See Borunda*, 885 F.2d at 1390 (holding that where the *only* evidence available to prosecutors when criminal charges are filed are the police reports, then fabrication and glaring omissions in those reports will rebut the presumption of prosecutorial independence; *see also Barlow*, 943 F.2d at 1136.

As set forth repeatedly herein, the facts in this case raise the materially disputed inferences which suggest that, not only are Plaintiffs innocent of the robbery of Unit One on March 24, 2011 – but that Defendants have purposefully manipulated evidence in an effort to pin blame and criminality on Plaintiffs to cover up a bad shooting. For summary judgment purposes, all factual inferences must be drawn in favor of the nonmoving party. There is ample evidence from which a reasonable jury could conclude that Defendants, through false statements and material omissions in their reports, prevented the prosecutor from exercising independent judgment. Accordingly, summary judgment must be denied.

/ / /

/ / /

/ / /

Case No. 2:15-cv-09354-PA (AGRx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS

# V.
## CONCLUSION

Based on the foregoing points and authorities, Plaintiffs Robert Pickett and Darryl Lewis respectfully request that this Court deny Defendants' Motion in its entirety.

DATED:  August 8, 2016                    BOUCHER LLP


By:    <u>    /s/ *Milin Chun*                    </u>
           RAYMOND P. BOUCHER
           HERMEZ MORENO
           MILIN CHUN
           BRIAN M. BUSH
           Attorneys for Plaintiffs

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT/SUMMARY ADJUDICATION OF CLAIMS